Russ W. Ercolani (SBN 240493)
Russ@WestlakeInjury.com
Melissa L. Emerson (SBN 343982)
Melissa@WestlakeInjury.com
WESTLAKE INJURY LAW
4165 E. Thousand Oaks Blvd., Suite 350
Westlake Village, CA 91362
Telephone: +1 805 338 6880
Facsimile: +1 805 367 4454

Attorneys for Plaintiff
FAUSTINO CAYETANO

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FAUSTINO CAYETANO, an individual;<br><br>          Plaintiff,<br><br><br>v.<br><br>COUNTY OF SANTA BARBARA, a governmental entity; DEPUTY GARCIA, an individual; DEPUTY H. FREEDMAN, an individual; DEPUTY COERT, an individual; COUNTY OF HUMBOLDT, a governmental entity; MATTHEW D., an individual; and DOES 1 through 50, inclusive,<br><br><br>          Defendants. | CASE NO:  2:25-cv-1723<br><br>COMPLAINT FOR DAMAGES<br><br>1.  42 U.S.C. § 1983<br>    *4th & 14th Amendments—*<br>    *Unreasonable Search and Seizure*<br>2.  42 U.S.C. § 1983<br>    *4th & 14th Amendments—*<br>    *Unlawful Arrest*<br>3.  42 U.S.C. § 1983<br>    *Municipal Liability—*<br>    *Ratification, Failure to Train*<br>4.  Cal. Civ. Code § 52.1<br>    *Bane Act*<br>5.  Cal. Gov. Code § 814 et seq.<br>    *False Imprisonment*<br>6.  Cal. Gov. Code § 814 et seq.<br>    *Negligence* |

COMPLAINT FOR DAMAGES

Plaintiff, FAUSTINO CAYETANO, complains and alleges against Defendants, COUNTY OF SANTA BARBARA, COUNTY OF HUMBOLDT, DEPUTY GARCIA, DEPUTY H. FREEDMAN, DEPUTY COERT, MATTHEW D., and DOES 1 through 50, inclusive (collectively, "Defendants") as follows:

## I. JURISDICTION AND VENUE

1.      This is a civil rights action arising from Defendants' issuance of an invalid warrant, and subsequent unconstitutional arrest and incarceration under an invalid warrant and without probable cause. This action is brought pursuant to 42 U.S.C. § 1983, the Fourth and Fourteenth Amendments to the United States Constitution, and the laws and Constitution of the State of California. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343. Plaintiff further invokes the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367, to hear and decide claims arising under state law.

2.      Venue is proper in the Central District of California pursuant to 28 U.S.C. §1391(b)(2), as the unlawful arrest giving rise to this suit occurred in Carpinteria, California which is within the present judicial district.

## II. GOVERNMENT CLAIM

3.      Pursuant to Government Code §945 *et seq.* and within the time provided by law, Plaintiff Faustino Cayetano filed with defendants respectively in full compliance with the County of Santa Barbara and County of Humboldt's requirements. (A true and correct copy of Plaintiff's claim forms are attached hereto as Exhibit A).

4.      The claim to County of Santa Barbara was rejected in writing on October

25, 2024. (A true and correct copy of the County of Santa Barbara denial letter is attached hereto as Exhibit B).

5.    The claim to County of Humboldt was rejected in writing on November 19, 2024. (A true and correct copy of the County of Humboldt denial letter is attached hereto as Exhibit C).

### III. PARTIES

6.    At all relevant times, Plaintiff Faustino Cayetano ("Faustino," or "Plaintiff") was an individual, residing in the city of Oxnard, County of Ventura, State of California.

7.    Plaintiff is informed and believes and thereupon alleges that Defendant, COUNTY OF SANTA BARBARA (hereinafter, "SB COUNTY") is a governmental entity. Under its authority, SB COUNTY operates the Santa Barbara County Sheriff's Office ("SBSO"). SB COUNTY has authority to sue and be sued, to purchase and make contracts, to dispose of and resolve legal actions and tort claims, provide for jails and corrections, and to operate and be responsible for county facilities. These include its jails through contracts, joint ventures or partnerships. SB COUNTY is charged and is responsible to make payments for goods furnished its departments, to pay salaries for its employees (such as all sheriff deputies), and owns, operates, manages, directs, and finances the Santa Barbara County Sheriff's Department, a public department of SB COUNTY, which employs other Defendants in this action. SB COUNTY has its own authority to sue and be sued, and is responsible for all deputy training, discipline, hiring, firing, maintaining deputy and staff records, and to taking corrective actions as it affects SBSO and its jails, inmates and pretrial detainees and deputy officers and staff.

Deputies and officers are under the direct authority and control of the Sheriff and the SBSO.

8.    Plaintiff is informed and believes and thereon alleges that Defendant DEPUTY GARCIA was, at all relevant times, an agent of Defendant COUNTY OF SANTA BARBARA within the Santa Barbara County Sheriff's Department, and was responsible for the traffic stop, investigation, arrest, transportation, and booking of Plaintiff Faustino Cayetano, on April 24, 2024.

9.    Plaintiff is informed and believes and thereon alleges that Defendant DEPUTY H. FREEDMAN was, at all relevant times, an agent of Defendant COUNTY OF SANTA BARBARA within the Santa Barbara County Sheriff's Department, and was responsible for the traffic stop, investigation, arrest, transportation, and booking of Plaintiff Faustino Cayetano, on April 24, 2024.

10.    Plaintiff is informed and believes and thereon alleges that Defendant DEPUTY COERT was, at all relevant times, an agent of Defendant COUNTY OF SANTA BARBARA within the Santa Barbara County Sheriff's Department, and was responsible for the traffic stop, investigation, arrest, transportation, and booking of Plaintiff Faustino Cayetano, on April 24, 2024.

11.    Plaintiff is informed and believes and thereupon alleges that Defendant, COUNTY OF HUMBOLDT (hereinafter, "HUMBOLDT") is a governmental entity. Under its authority, HUMBOLDT operates the Humboldt County Courthouse. HUMBOLDT has authority to sue and be sued, to purchase and make contracts, to dispose of and resolve legal actions and tort claims, and to operate and be responsible for county facilities, including the Humboldt County Courthouse. HUMBOLDT is charged and is responsible to make payments for goods furnished

its departments, to pay salaries for its employees (such as all courthouse employees), and owns, operates, manages, directs, and finances the Humboldt County Courthouse, a public department of HUMBOLDT, which employs other Defendants in this action. HUMBOLDT has its own authority to sue and be sued, and is responsible for all court staff training, discipline, hiring, firing, maintaining staff records, and to taking corrective actions as it affects the Humboldt County Courthouse and its staff. Courthouse employees and officers are under the direct authority and control of HUMBOLDT.

12.    Plaintiff is informed and believes and thereon alleges that Defendant MATHEW D. was, at all relevant times, an agent of Defendant COUNTY OF HUMBOLDT within the Humboldt County Courthouse, and was the court clerk responsible for drafting and issuing a bench warrant for "Faustino Cayetano," on December 13, 2023, which formed the basis of the ensuing traffic stop, investigation, arrest, and booking of Plaintiff Faustino Cayetano, on April 24, 2024.

13.    The true names and capacities of the Defendants, DOES 1 through 50, whether individual, corporate, associate or otherwise, are unknown to Plaintiff at the time of filing this Complaint and Plaintiff therefore sues said Defendants by such fictitious names and will ask leave of the Court to amend this Complaint to show their true names or capacities when the same have been ascertained.  Plaintiff is informed and believes and therefore alleges that each of the Defendants, including all DOE defendants are in some manner, negligently responsible for the events and happenings set forth and proximately caused injuries and damages to Plaintiff as herein alleged.  Plaintiff is informed and believes and therefore alleges, that at all times material hereto and mentioned herein, each Defendant sued herein

(both named and DOE Defendants) were the agents, servants, employers, employees, joint ventures, partners, co-owners, contractors, and/or alter egos of each of the remaining Defendants and were at all times acting within the purpose and scope of such agency, servitude, employment, ownership, and/or alter ego with the authority, consent, approval, control, influence and ratification of each remaining Defendant sued herein.

14.    Plaintiff is informed and believes, and based upon thereon alleges, that at all times herein mentioned, Defendants named herein as DOES 1 through 50, were employees of Defendant COUNTY OF SANTA BARBARA and/or COUNTY OF HUMBOLDT, and in doing the acts hereinafter described acted within the course and scope of their employment.

15.    At all material times, each Defendant acted under color of the laws, statutes, ordinances, and regulations of the State of California.

## IV. FACTS

16.    On or about April 24, 2024, Plaintiff Faustino Cayetano ("Faustino") was driving with this wife, Blanca, leaving Chumash Casino in Santa Barbara County, headed to their home in Oxnard, California.

17.    At our around 3:00 a.m., Faustino and his wife stopped at a gas station in Carpinteria, California, to get coffee and snacks for their drive. While at the gas station, they noticed a Santa Barbara County Sheriff deputy patrol car at the gas station.

18.    After leaving the gas station, Faustino and his wife drove approximately ½ mile when they were pulled over by the deputy patrol car. They were approached by, what appeared to be, a senior male deputy and a more junior female deputy.

Plaintiff is informed and believes, and thereon alleges, that the senior male deputy was defendant, DEPUTY H. FREEDMAN, and the junior female deputy was defendant, DEPUTY COERT.

19.    DEPUTY COERT inquired if Faustino, the driver, knew why he had been pulled over. He responded that he did not. She then informed him that he had a license plate cover that made his license plate difficult to read.

20.    DEPUTY COERT then requested Faustino's license and registration, and informed him and his wife that they needed to "run" his name.

21.    For the next 20 minutes, approximately, Faustino and Blanca sat in their car while the deputies "ran" his driver's license. When DEPUTY COERT returned, she asked Faustino to step out of the car and put his hands behind his back. Faustino, confused but compliant, obliged. She then informed him that he was under arrest for a warrant out of Humboldt County.

22.    Shocked and confused, Faustino and Blanca repeatedly tried to tell the deputies that they had the wrong individual and asked for more information about the warrant. The deputies informed them that the warrant was for drug trafficking with the intent to sell and brandishing a firearm.

23.    Blanca begged and pleaded with the deputies, telling them that that she had known Faustino for 20 years and they had never even been to Humboldt, California. Faustino had never even been arrested in his life. They continued to try to tell the deputies that there had been some mistake, and asked if they could verify Faustino's identity by checking the mugshot of the person the warrant was for, or by Faustino's fingerprints. The deputies simply told them that they had verified Faustino's date of birth. The deputies further told him that he would be extradited

COMPLAINT FOR DAMAGES

to Humboldt County for the warrant—a county hundreds of miles away.

24.    While searching Faustino, the deputies then asked Blanca to get out of the car and proceeded to pat her down and conduct a search of their entire vehicle. The entire ordeal was embarrassing, burdensome, inconvenient, and distressing for both Faustino and Blanca.

25.    After conducting a search of the vehicle and pat down of both Faustino and Blanca—and finding nothing that could justify an arrest—the deputies proceeded to arrest and transport Faustino to the Santa Barbara Country jail, where he was transported booked by defendant, DEPUTY GARCIA.

26.    Plaintiff Faustino's search of his person and vehicle, and subsequent arrest, was based solely on this invalid warrant, without any further evidence or circumstances to justify the searches, or probable cause for his arrest. His only booking type when he was booked at Santa Barbara County Jail was "Warrant Arrest," without any additional crimes or charges.

27.    Faustino was fingerprinted and held in custody for nearly 20 hours, while he made arrangements for bail, which was set at $35,000. Ultimately, Faustino was able to post bail, putting up $700 of the $3,500 that was required for the bail bond.

28.    After he was released from the Santa Barbara County Jail, Faustino went to the Oxnard Police Department—the city where he lives—the report possible identity theft, which he believed may have been responsible for his mistaken arrest. While at the Oxnard Police Department, an officer was able to check for the warrant and easily located the mug shot of the person for whom the warrant was issued, and quickly determined that Faustino was not the correct person for whom the warrant was issued.

29.    Ultimately, the warrant was issued for a Faustino Chavez Cayetano, with a date of birth of birth 2/15/1995 (17 years younger than Plaintiff), who had an active criminal case in Humboldt County (Case No. CR2303519A), for felony drug trafficking, misdemeanor negligent discharge of a firearm, and misdemeanor possession of marijuana for sale.

30.    For the next several months, Faustino went back and forth with the public defender's office in Humboldt County to try to get this issue resolved and avoid having to travel over 650 miles to attend any court appearances.

31.    The public defender's office acknowledged that Faustino was not the correct individual and, due to clerical error, the bench warrant was wrongly issued against Plaintiff Faustino Cayetano.

32.    While the Court ordered reimbursement of costs to Faustino spent to secure his bail bond, the arrest remains on his RAP sheet and continues to affect Faustino's ability to secure gainful employment.

33.    As of the date of this filing, Faustino, after waiting several months for his background check to clear for a school bus driving position, he has been suspended from being able to work as a school bus driver, due to this presence of this arrest on his record.

34.    As a direct and proximate result of each Defendant's acts and/or omissions as set forth above, to the extent permitted and pled by the various legal claims set forth below, Plaintiff sustained the following injuries and damages, past and future, among others:

      a.  Violation of Plaintiff's constitutional rights, pursuant to and federal and state civil rights law;

b.  Mental traumas, inconvenience, and embarrassment suffered as a result of Defendants' issuance of an invalid warrant and unlawful arrest;

c.  Costs and inconvenience associated with his incarceration, posting bail, and removing the charge from his criminal record;

d.  A felony criminal charge on his RAP Sheet, which has resulted in his inability to secure gainful employment; and

e.  All damages, penalties, and treble damages recoverable under 42 U.S.C. §§ 1983 and 1988, Cal Civil Code §§ 52 and 52.1 et seq. and as otherwise allowed under California and United States statutes, codes, and common law.

## V. FIRST CAUSE OF ACTION
4th and 14th Amendment—Unreasonable Search & Seizure
42. U.S.C. § 1983
(by Plaintiff FAUSTINO CAYETANO against all Defendants)

35.  Plaintiff realleges each and every paragraph in this complaint as if fully set forth herein and incorporate same by reference.

36.  At all times mentioned herein, Plaintiff Faustino Cayetano had a right to be free from an unreasonable search of his person and his vehicle. Plaintiff Faustino Cayetano further had a right to be free from an unreasonable seizure of his person. U.S. Const., 4th & 14th Amends.

37.  Under the Fourth Amendment of the United States Constitution, a search of a person and their property, including their vehicle, is unreasonable if the search is not authorized by a search warrant, or otherwise subject to an exception of the warrant requirement. Moreover, in cases where a search of a vehicle is conducted

incident to an arrest, a search of a vehicle without a warrant is only reasonable if the search is incident to a *lawful* arrest. <u>United States v. Camou</u> (9th Cir. 2014) 773 F.3d 932, 937 ["A search incident to a lawful arrest is an exception to the general rule that warrantless searches violate the Fourth Amendment."].

38.    Under the Fourth Amendment of the United States Constitution, a seizure of a person is unreasonable if the search is not authorized by a search warrant, or otherwise subject to an exception of the warrant requirement. <u>Sandoval v. County of Sonoma</u> (9th Cir. 2018) 912 F.3d 509, 515 ["[A] seizure conducted without a warrant is per se unreasonable under the Fourth Amendment—subject only to a few specifically established and well delineated exceptions."]

39.    Defendant, MATTHEW D., is liable for the unreasonable search and seizure of Faustino Cayetano and his vehicle, thereby violating his rights under the Fourth and Fourteenth Amendment of the United States Constitution, by and through, but not limited to, the following acts and omissions:

    a.  Issuing a warrant for "Faustino Cayetano" with the incorrect date of birth, such that the date of birth on the warrant matched that of Plaintiff Faustino Cayetano;

    b.  Failing to include on the warrant the middle name of Defendant Faustino Chavez Cayetano, with a date of birth of birth 2/15/1995, who had an active criminal case in Humboldt County (Case No. CR2303519A);

    c.  Failing to include on the warrant physical descriptors of Faustino Chavez Cayetano (Defendant in Humboldt County Case No. CR2303519A) to aid law enforcement in identifying the person for

COMPLAINT FOR DAMAGES

whom the warrant was issued; and

d.  Causing the unreasonable search and seizure of Faustino Cayetano and his vehicle, thereby violating his rights under the Fourth and Fourteenth Amendment of the United States Constitution.

40.  Defendant, COUNTY OF HUMBOLDT, by and through their agents and representatives, is liable for the unreasonable search and seizure of Faustino Cayetano and his vehicle, thereby violating his rights under the Fourth and Fourteenth Amendment of the United States Constitution, by and through, but not limited to, the following acts and omissions:

a.  Ratifying the unconstitutional conduct of Defendant, MATTHEW D., in that they had actual and constructive notice, and/or reasonably should have known that the warrant issued lacked the middle name, physical descriptors, and the correct date of birth of Faustino Chavez Cayetano (Case No. CR2303519A), despite the fact that the Statement of Probable Cause, which underlies Case No. CR2303519A, was written for Faustino *Chavez* Cayetano, and lists a date of birth of February 15, 1995. Thompson v. City of Los Angeles (9th Cir. 1989) 885 F.2d 1439, 1443 ["[A] rule or regulation promulgated, adopted, or ratified by a local governmental entity's legislative body unquestionably satisfies *Monell*'s policy requirement."];

b.  Employing training policies which were inadequate to prevent violations of law by its agents and employees, including court clerk, MATTHEW D.;

c.  Deliberate indifference to the substantial risk that their training

policies were inadequate to prevent violations of law by its employees, in that they made a conscious choice to disregard the known and obvious consequences of failing to include a middle name, correct date of birth, and physical descriptors on a bench warrant.

41.    Defendants, DEPUTY GARCIA, DEPUTY H. FREEDMAN, and DEPUTY COERT are liable for the unreasonable search and seizure of Faustino Cayetano and his vehicle, thereby violating his rights under the Fourth and Fourteenth Amendment of the United States Constitution, by and through, but not limited to, the following acts and omissions:

a. Failing to check resources available to them, including photographs, mug shots, and/or court records, to verify the identity of the individual for whom the warrant was issued;

b. Intentionally conducting an unreasonable search, in that it was their conscious objective to conduct the search, of Plaintiff Faustino Cayetano's person based solely on the invalid warrant issued by Defendant, HUMBOLDT COUNTY, and without a valid warrant, probable cause, or other exception to the warrant requirement;

c. Intentionally conducting an unreasonable search, in that it was their conscious objective to conduct the search, of Faustino Cayetano's vehicle based solely on the invalid warrant issued by Defendant, HUMBOLDT COUNTY, and without a valid warrant, probable cause, or other exception to the warrant requirement;

d. Intentionally seized Plaintiff Faustin Cayetano when they asked him to exit his vehicle, placed him in handcuffs, and proceeded to arrest

- 13 -
COMPLAINT FOR DAMAGES

him based solely on the invalid warrant issued by Defendant, HUMBOLDT COUNTY, and without a valid warrant, probable cause, or other exception to the warrant requirement;

e. Conducted an unlawful arrest of Plaintiff Faustino Cayetano on the sole basis of an invalid warrant. <u>Whiteley v. Warden</u> (1971) 401 U.S. 560; see also <u>Berg v. County of Allegheny</u> (3d Cir. 2000) 219 F.3d 261, 269-270 ["The Supreme Court's decision in *Whiteley v. Warden*, 401 U.S. 560, 91 S. Ct. 1031, 28 L. Ed. 2d 306 (1971), as well as our own subsequent decisions, make clear that an erroneously issued warrant cannot provide probable cause for an arrest."].;

f. Conducted an unlawful arrest of Plaintiff Faustino Cayetano without an objectively reasonable belief that there was a valid warrant, given the lack of descriptive information in the warrant and the availability of resources available to them to correctly identify Faustino *Chavez* Cayetano;

g. Conducted an unlawful arrest of Plaintiff Faustino Cayetano without probable cause, in that an objectively reasonable police officer, having found no evidence of criminal activity in their search of Plaintiff's car, his driving behavior, or other circumstance, would not have concluded that, in the absence of the warrant, that Plaintiff Faustino Cayetano had committed, or was committing, any crime. Gravelet-Blondin v. Shelton (9th Cir. 2013) 728 F.3d 1086, 1097-1098 ["'A claim for unlawful arrest is cognizable under § 1983 as a violation of the Fourth Amendment, provided the arrest was without probable cause or other

justification.' (citation). 'Probable cause exists if the arresting officers 'had knowledge and reasonably trustworthy information of facts and circumstances sufficient to lead a prudent person to believe that [the arrestee] had committed or was committing a crime.'"].

42.    Defendant, COUNTY OF SANTA BARBARA, by and through their agents and representatives, is liable for the unreasonable search and seizure of Faustino Cayetano and his vehicle, thereby violating his rights under the Fourth and Fourteenth Amendment of the United States Constitution, by and through, but not limited to, the following acts and omissions:

a. Failing to employ training strategies, including but not limited to, utilizing resources, including photographs, mug shots, and/or court records, for deputies to verify the identity of individuals for whom a warrant was issued, such that their training policies were inadequate to prevent violations of law by its agents and employees, including Defendants, DEPUTY GARCIA, DEPUTY H. FREEDMAN, and DEPUTY COERT;

b. Deliberate indifference to the substantial risk that their training policies were inadequate to prevent violations of law by its employees, in that they made a conscious choice to disregard the known and obvious consequences of failing to correctly identify individuals with warrants.

43.    As a direct and proximate result of Defendants' aforementioned acts and omissions, Plaintiff Faustino Cayetano was subjected to an unreasonable search of his person and vehicle, and an unreasonable seizure of his person, prohibited by

the Fourth and Fourteenth Amendments of the United States Constitution. As a result thereof, Plaintiff is entitled to damages pursuant to 42 U.S.C. § 1983 in an amount to be proven at trial.

## VI. SECOND CAUSE OF ACTION
4th and 14th Amendment—Unlawful Arrest
42. U.S.C. § 1983
(by Plaintiff FAUSTINO CAYETANO against all Defendants)

44. Plaintiff realleges each and every paragraph in this complaint as if fully set forth herein and incorporate same by reference.

45. At all times mentioned herein, Faustino Cayetano had a right to be free from an unreasonable seizure of his person. U.S. Const., 4th & 14th Amends.

46. Under the Fourth Amendment of the United States Constitution, a seizure of a person is unreasonable if the search is not authorized by a search warrant, or otherwise subject to an exception of the warrant requirement. Sandoval v. County of Sonoma (9th Cir. 2018) 912 F.3d 509, 515 ["[A] seizure conducted without a warrant is per se unreasonable under the Fourth Amendment—subject only to a few specifically established and well delineated exceptions."].

47. Defendant, MATTHEW D., is liable for the unreasonable seizure and arrest of Faustino Cayetano, thereby violating his rights under the Fourth and Fourteenth Amendment of the United States Constitution, by and through, but not limited to, the following acts and omissions:

    a. Issuing a warrant for "Faustino Cayetano" with the incorrect date of birth, such that the date of birth on the warrant matched that of Plaintiff Faustino Cayetano;

    b. Failing to include on the warrant the middle name of Defendant

Faustino Chavez Cayetano, with a date of birth of birth 2/15/1995, who had an active criminal case in Humboldt County (Case No. CR2303519A);

c.  Failing to include on the warrant physical descriptors of Faustino Chavez Cayetano (Defendant in Humboldt County Case No. CR2303519A) to aid law enforcement in identifying the person for whom the warrant was issued; and

d.  Causing the unreasonable search and seizure of Faustino Cayetano and his vehicle, thereby violating his rights under the Fourth and Fourteenth Amendment of the United States Constitution.

48.  Defendant, COUNTY OF HUMBOLDT, by and through their agents and representatives, is liable for the unreasonable seizure and arrest of Faustino Cayetano, thereby violating his rights under the Fourth and Fourteenth Amendment of the United States Constitution, by and through, but not limited to, the following acts and omissions:

a.  Ratifying the unconstitutional conduct of Defendant, MATTHEW D., in that they had actual and constructive notice, and/or reasonably should have known that the warrant issued lacked the middle name, physical descriptors, and the correct date of birth of Faustino Chavez Cayetano (Case No. CR2303519A), despite the fact that the Statement of Probable Cause, which underlies Case No. CR2303519A, was written for Faustino *Chavez* Cayetano, and lists a date of birth of February 15, 1995. Thompson v. City of Los Angeles (9th Cir. 1989) 885 F.2d 1439, 1443 ["[A] rule or regulation promulgated, adopted, or

- 17 -
COMPLAINT FOR DAMAGES

ratified by a local governmental entity's legislative body unquestionably satisfies *Monell*'s policy requirement."];

b. Employing training policies which were inadequate to prevent violations of law by its agents and employees, including court clerk, MATTHEW D.;

c. Deliberate indifference to the substantial risk that their training policies were inadequate to prevent violations of law by its employees, in that they made a conscious choice to disregard the known and obvious consequences of failing to include a middle name, correct date of birth, and physical descriptors on a bench warrant.

49.    Defendants, DEPUTY GARCIA, DEPUTY H. FREEDMAN, and DEPUTY COERT are liable for the unreasonable seizure and arrest of Faustino Cayetano, thereby violating his rights under the Fourth and Fourteenth Amendment of the United States Constitution, by and through, but not limited to, the following acts and omissions:

a. Failing to check resources available to them, including photographs, mug shots, and/or court records, to verify the identity of the individual for whom the warrant was issued;

b. Intentionally conducting an unreasonable search, in that it was their conscious objective to conduct the search, of Plaintiff Faustino Cayetano's person based solely on the invalid warrant issued by Defendant, HUMBOLDT COUNTY, and without a valid warrant, probable cause, or other exception to the warrant requirement;

c. Intentionally conducting an unreasonable search, in that it was their

COMPLAINT FOR DAMAGES

conscious objective to conduct the search, of Faustino Cayetano's vehicle based solely on the invalid warrant issued by Defendant, HUMBOLDT COUNTY, and without a valid warrant, probable cause, or other exception to the warrant requirement;

d. Intentionally seized Plaintiff Faustin Cayetano when they asked him to exit his vehicle, placed him in handcuffs, and proceeded to arrest him based solely on the invalid warrant issued by Defendant, HUMBOLDT COUNTY, and without a valid warrant, probable cause, or other exception to the warrant requirement;

e. Conducted an unlawful arrest of Plaintiff Faustino Cayetano on the sole basis of an invalid warrant. Whiteley v. Warden (1971) 401 U.S. 560; see also *Berg v. County of Allegheny* (3d Cir. 2000) 219 F.3d 261, 269-270 ["The Supreme Court's decision in *Whiteley v. Warden*, 401 U.S. 560, 91 S. Ct. 1031, 28 L. Ed. 2d 306 (1971), as well as our own subsequent decisions, make clear that an erroneously issued warrant cannot provide probable cause for an arrest."];

f. Conducted an unlawful arrest of Plaintiff Faustino Cayetano without an objectively reasonable belief that there was a valid warrant, given the lack of descriptive information in the warrant and the availability of resources available to them to correctly identify Faustino *Chavez* Cayetano;

g. Conducted an unlawful arrest of Plaintiff Faustino Cayetano without probable cause, in that an objectively reasonable police officer, having found no evidence of criminal activity in their search of Plaintiff's car,

COMPLAINT FOR DAMAGES

his driving behavior, or other circumstance, would not have concluded that, in the absence of the warrant, that Plaintiff Faustino Cayetano had committed, or was committing, any crime. Gravelet-Blondin v. Shelton (9th Cir. 2013) 728 F.3d 1086, 1097-1098 ["'A claim for unlawful arrest is cognizable under § 1983 as a violation of the Fourth Amendment, provided the arrest was without probable cause or other justification.' (citation). 'Probable cause exists if the arresting officers 'had knowledge and reasonably trustworthy information of facts and circumstances sufficient to lead a prudent person to believe that [the arrestee] had committed or was committing a crime.'"].

50.    Defendant, COUNTY OF SANTA BARBARA, by and through their agents and representatives, is liable for the unreasonable seizure and arrest of Faustino Cayetano, thereby violating his rights under the Fourth and Fourteenth Amendment of the United States Constitution, by and through, but not limited to, the following acts and omissions:

a.  Failing to employ training strategies, including but not limited to, utilizing resources, including photographs, mug shots, and/or court records, for deputies to verify the identity of individuals for whom a warrant was issued, such that their training policies were inadequate to prevent violations of law by its agents and employees, including Defendants, DEPUTY GARCIA, DEPUTY H. FREEDMAN, and DEPUTY COERT;

b.  Deliberate indifference to the substantial risk that their training policies were inadequate to prevent violations of law by its employees,

in that they made a conscious choice to disregard the known and obvious consequences of failing to correctly identify individuals with warrants.

51.    As a direct and proximate result of Defendants' aforementioned acts and omissions, Plaintiff Faustino Cayetano was subjected to an unreasonable search of his person and vehicle, and an unreasonable seizure and arrest of his person, prohibited by the Fourth and Fourteenth Amendments of the United States Constitution. As a result thereof, Plaintiff is entitled to damages pursuant to 42 U.S.C. § 1983 in an amount to be proven at trial.

### VII. THIRD CAUSE OF ACTION
Municipal Liability –Ratification, Policy of Failure to Train
42. U.S.C. § 1983
(by Plaintiff FAUSTINO CAYETANO against Defendants COUNTY OF SANTA BARBARA and COUNTY OF HUMBOLDT)

52.    Plaintiff restates and incorporates by reference the foregoing paragraphs of this Complaint as if set forth in full at this point.

53.    At all material times herein mentioned, all Defendants acted under color of state law.

54.    At all times mentioned herein, Plaintiff Faustino Cayetano had a right to be free from an unreasonable search of his person and his vehicle. Plaintiff Faustino Cayetano further had a right to be free from an unreasonable seizure of his person. U.S. Const., 4th & 14th Amends.

55.    Defendant, COUNTY OF HUMBOLDT, by and through their agents and representatives, is liable for the unreasonable search and seizure of Faustino Cayetano and his vehicle, thereby violating his rights under the Fourth and

Fourteenth Amendment of the United States Constitution, by and through, but not limited to, the following acts and omissions:

a. Ratifying the unconstitutional conduct of Defendant, MATTHEW D., in that they had actual and constructive notice, and/or reasonably should have known that the warrant issued lacked the middle name, physical descriptors, and the correct date of birth of Faustino Chavez Cayetano (Case No. CR2303519A), despite the fact that the Statement of Probable Cause, which underlies Case No. CR2303519A, was written for Faustino *Chavez* Cayetano, and lists a date of birth of February 15, 1995. Thompson v. City of Los Angeles (9th Cir. 1989) 885 F.2d 1439, 1443 ["[A] rule or regulation promulgated, adopted, or ratified by a local governmental entity's legislative body unquestionably satisfies *Monell*'s policy requirement.]";

b. Employing training policies which were inadequate to prevent violations of law by its agents and employees, including court clerk, MATTHEW D.;

c. Deliberate indifference to the substantial risk that their training policies were inadequate to prevent violations of law by its employees, in that they made a conscious choice to disregard the known and obvious consequences of failing to include a middle name, correct date of birth, and physical descriptors on a bench warrant.

56.    Defendant, COUNTY OF SANTA BARBARA, by and through their agents and representatives, is liable for the unreasonable search and seizure of Faustino Cayetano and his vehicle, thereby violating his rights under the Fourth

and Fourteenth Amendment of the United States Constitution, by and through, but not limited to, the following acts and omissions:

    a. Failing to employ training strategies, including but not limited to, utilizing resources, including photographs, mug shots, and/or court records, for deputies to verify the identity of individuals for whom a warrant was issued, such that their training policies were inadequate to prevent violations of law by its agents and employees, including Defendants, DEPUTY GARCIA, DEPUTY H. FREEDMAN, and DEPUTY COERT;

    b. Deliberate indifference to the substantial risk that their training policies were inadequate to prevent violations of law by its employees, in that they made a conscious choice to disregard the known and obvious consequences of failing to correctly identify individuals with warrants;

57. By the actions and omissions described above, Defendants and DOES 1-50 violated 42 U.S.C. § 1983, deprived Plaintiff Faustino Cayetano's clearly established and well-settled constitutional right to be free from unreasonable search and seizure as protected by the Fourth and Fourteenth Amendments to the United States Constitution.

58. Defendants' aforementioned acts and omissions played a substantial part in bringing about the violation of Plaintiff's constitutional rights, in that Defendants failed to safeguard against the risk of misidentifying warrant suspects.

59. As a direct and proximate result of Defendants' aforementioned acts and omissions, Plaintiff Faustino Cayetano was subjected to an unreasonable search of

COMPLAINT FOR DAMAGES

his person and vehicle, and an unreasonable seizure of his person, prohibited by the Fourth and Fourteenth Amendments of the United States Constitution. As a result thereof, Plaintiff is entitled to damages pursuant to 42 U.S.C. § 1983 in an amount to be proven at trial.

## VIII. FOURTH CAUSE OF ACTION
### Violation of Tom Bane Act
### Cal Civ. Code § 52.1
### (by Plaintiff FAUSTINO CAYETANO against all Defendants)

60.    Plaintiffs reallege each and every paragraph in this complaint as if fully set forth here.

61.    California Civil Code section 52.1 (the "Bane Act") and related case law prohibits any person from intentionally violating a person's constitutional rights. An intent to violate a person's civil rights is demonstrated by a reckless disregard for the person's constitutional rights.

62.    By the actions and omissions described above, Defendants and DOES 1-50, by intimidation with their law enforcement authority, coercion by arrest, and threats that Plaintiff will be extradited to Humboldt County, caused Plaintiff Faustino Cayetano to reasonably believe that if he exercised his right to be free from unreasonable search and seizure, that his noncompliance would be met with an act of violence by Defendants.

63.    Defendants intended to deprive Plaintiff Faustino Cayetano of his constitutional rights by arresting him, booking him into the Santa Barbara County Jail, and arranging for his extradition to Humboldt County.

64.    By the actions and omissions described above, Defendants and DOES 1-50 deprived Plaintiff Faustino Cayetano of his clearly established and well-settled

- 24 -
COMPLAINT FOR DAMAGES

constitutional right to be free from unreasonable search and seizure are guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution.

65.    Plaintiff is entitled to all damages, penalties, and treble damages recoverable under Cal Civil Code § 52, and as otherwise allowed under California and United States statutes, codes, and common law.

### IX. FIFTH CAUSE OF ACTION

False Imprisonment
Cal. Gov. Code § 820
(by Plaintiff FAUSTINO CAYETANO against DEPUTY GARCIA, DEPUTY H. FREEDMAN, and DEPUTY COERT)

66.    Plaintiffs reallege each and every paragraph in this complaint as if fully set forth here.

67.    A claim for false imprisonment requires Plaintiff demonstrate the following: a) defendant arrested plaintiffs without a warrant, b) plaintiffs were harmed, and c) defendant's conduct was a substantial factor in causing the harm." Carcamo v. Los Angeles County Sheriff's Dept. (2021) 68 Cal.App.5th 608, 616; CACI 1401.

68.    California Government Code section 820.4 states: "A public employee is not liable for his act or omission, exercising due care, in the execution or enforcement of any law. Nothing in this section exonerates a public employee from liability for false arrest or false imprisonment.

69.    By the actions and omissions described above, Defendants and DOES 1-50, falsely imprisoned Plaintiff Faustino Cayetano when they arrested and booked him solely on the basis of an invalid warrant, without any other probable cause, and without an objectively reasonable, good faith belief that there was a valid

warrant, given the lack of descriptive information in the warrant, Plaintiff's protestations that his identity was mistaken, and the availability of resources available to Defendants to correctly identify Faustino *Chavez* Cayetano.

## X. SIXTH CAUSE OF ACTION
### Negligence
### Cal. Gov. Code § 815 et seq.
### (by Plaintiff FAUSTINO CAYETANO against all Defendants)

70.    Plaintiffs reallege each and every paragraph in this complaint as if fully set forth here.

71.    Plaintiff Faustino Cayetano is informed and believes and thereon alleges that Plaintiff was injured because Defendants, and each of them breached their statutory duties including but not limited to Government Code §§ 815.2(a) and 820(a) by the following acts and omissions:

**<u>Defendant, MATTHEW D.:</u>**

    a.   Issuing a warrant for "Faustino Cayetano" with the incorrect date of birth, such that the date of birth on the warrant matched that of Plaintiff Faustino Cayetano;

    b.   Failing to include on the warrant the middle name of Defendant Faustino Chavez Cayetano, with a date of birth of birth 2/15/1995, who had an active criminal case in Humboldt County (Case No. CR2303519A);

    c.   Failing to include on the warrant physical descriptors of Faustino Chavez Cayetano (Defendant in Humboldt County Case No. CR2303519A) to aid law enforcement in identifying the person for whom the warrant was issued; and

**d.** Causing the unreasonable search and seizure of Faustino Cayetano and his vehicle, thereby violating his rights under the Fourth and Fourteenth Amendment of the United States Constitution.

**Defendant, COUNTY OF HUMBOLDT:**

a. Ratifying the unconstitutional conduct of Defendant, MATTHEW D., in that they had actual and constructive notice, and/or reasonably should have known that the warrant issued lacked the middle name, physical descriptors, and the correct date of birth of Faustino Chavez Cayetano (Case No. CR2303519A), despite the fact that the Statement of Probable Cause, which underlies Case No. CR2303519A, was written for Faustino *Chavez* Cayetano, and lists a date of birth of February 15, 1995. Thompson v. City of Los Angeles (9th Cir. 1989) 885 F.2d 1439, 1443 ["[A] rule or regulation promulgated, adopted, or ratified by a local governmental entity's legislative body unquestionably satisfies *Monell*'s policy requirement.]";

b. Employing training policies which were inadequate to prevent violations of law by its agents and employees, including court clerk, MATTHEW D.;

c. Deliberate indifference to the substantial risk that their training policies were inadequate to prevent violations of law by its employees, in that they made a conscious choice to disregard the known and obvious consequences of failing to include a middle name, correct date of birth, and physical descriptors on a bench warrant.

COMPLAINT FOR DAMAGES

## Defendants DEPUTY GARCIA, DEPUTY H. FREEDMAN, and DEPUTY COERT:

a. Failing to check resources available to them, including photographs, mug shots, and/or court records, to verify the identity of the individual for whom the warrant was issued;

b. Intentionally conducting an unreasonable search, in that it was their conscious objective to conduct the search, of Plaintiff Faustino Cayetano's person based solely on the invalid warrant issued by Defendant, HUMBOLDT COUNTY, and without a valid warrant, probable cause, or other exception to the warrant requirement;

c. Intentionally conducting an unreasonable search, in that it was their conscious objective to conduct the search, of Faustino Cayetano's vehicle based solely on the invalid warrant issued by Defendant, HUMBOLDT COUNTY, and without a valid warrant, probable cause, or other exception to the warrant requirement;

d. Intentionally seized Plaintiff Faustin Cayetano when they asked him to exit his vehicle, placed him in handcuffs, and proceeded to arrest him based solely on the invalid warrant issued by Defendant, HUMBOLDT COUNTY, and without a valid warrant, probable cause, or other exception to the warrant requirement;

e. Conducted an unlawful arrest of Plaintiff Faustino Cayetano on the sole basis of an invalid warrant. Whiteley v. Warden (1971) 401 U.S. 560; see also *Berg v. County of Allegheny* (3d Cir. 2000) 219 F.3d 261, 269-270 ["The Supreme Court's decision in *Whiteley v. Warden*, 401

- 28 -
COMPLAINT FOR DAMAGES

U.S. 560, 91 S. Ct. 1031, 28 L. Ed. 2d 306 (1971), as well as our own subsequent decisions, make clear that an erroneously issued warrant cannot provide probable cause for an arrest."];

f.  Conducted an unlawful arrest of Plaintiff Faustino Cayetano without an objectively reasonable belief that there was a valid warrant, given the lack of descriptive information in the warrant and the availability of resources available to them to correctly identify Faustino *Chavez* Cayetano;

g.  Conducted an unlawful arrest of Plaintiff Faustino Cayetano without probable cause, in that an objectively reasonable police officer, having found no evidence of criminal activity in their search of Plaintiff's car, his driving behavior, or other circumstance, would not have concluded that, in the absence of the warrant, that Plaintiff Faustino Cayetano had committed, or was committing, any crime. Gravelet-Blondin v. Shelton (9th Cir. 2013) 728 F.3d 1086, 1097-1098 ["'A claim for unlawful arrest is cognizable under § 1983 as a violation of the Fourth Amendment, provided the arrest was without probable cause or other justification.' (citation). 'Probable cause exists if the arresting officers 'had knowledge and reasonably trustworthy information of facts and circumstances sufficient to lead a prudent person to believe that [the arrestee] had committed or was committing a crime.'"].

## Defendant COUNTY OF SANTA BARBARA:

a.  Failing to employ training strategies, including but not limited to, utilizing resources, including photographs, mug shots, and/or court

records, for deputies to verify the identity of individuals for whom a warrant was issued, such that their training policies were inadequate to prevent violations of law by its agents and employees, including Defendants, DEPUTY GARCIA, DEPUTY H. FREEDMAN, and DEPUTY COERT;

b. Deliberate indifference to the substantial risk that their training policies were inadequate to prevent violations of law by its employees, in that they made a conscious choice to disregard the known and obvious consequences of failing to correctly identify individuals with warrants.

72. As a direct and proximate result of Defendants' negligence, Plaintiff Faustino suffered the violation of Plaintiff's constitutional rights, pursuant to and federal and state civil rights law; mental traumas, inconvenience, and embarrassment suffered as a result of Defendants' issuance of an invalid warrant and unlawful arrest; costs and inconvenience associated with his incarceration, posting bail, and removing the charge from his criminal record; and a felony criminal charge on his RAP Sheet, which has resulted in his inability to secure gainful employment, all of which have caused and continue to cause plaintiff great mental, emotional, and financial pain and suffering.  As a result of these injuries Plaintiff Faustino Cayetano has suffered general and special damages according to proof.

73. All of Plaintiff's losses were, are and will be due solely to and by reason of the carelessness and negligence of Defendants, DOES 1-50, and each of them, without any negligence or want of due care on Plaintiff's part contributing thereto.

COMPLAINT FOR DAMAGES

# XI. PRAYER

WHEREFORE Plaintiff Faustino Cayetano demands judgment on the Complaint, as to the causes of action, and against defendants and each of them, and prays as follows:

**All Causes of Action**

1. For compensatory, general and special damages against each defendant, jointly and severally, in an amount according to proof;

2. For punitive and exemplary damages against each individually named defendant in their individual capacity in an amount appropriate to punish defendants and deter others from engaging in similar misconduct;

3. For costs and reasonable attorney's fees pursuant to 42 U.S.C. § 1988 and as otherwise authorized by statute or law;

4. All damages, penalties, and treble damages recoverable under 42 U.S.C. §§ 1983 and 1988, Cal Civil Code §§ 52 and 52.1 et seq. and as otherwise allowed under California and United States statutes, codes, and common law; and

5. For all other relief as deemed appropriate by this Court.

DATE:  February 27, 2025                    WESTLAKE INJURY LAW


                                    By:    /s/ Melissa L. Emerson
                                           Russ W. Ercolani
                                           Melissa L. Emerson
                                           WESTLAKE INJURY LAW
                                           Attorney for Plaintiff
                                           FAUSTINO CAYETANO

COMPLAINT FOR DAMAGES

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiff hereby demands a jury trial of this action.

DATE:  February 27, 2025                    WESTLAKE INJURY LAW


By:   /s/ Melissa L. Emerson
Russ W. Ercolani
Melissa L. Emerson
WESTLAKE INJURY LAW
Attorney for Plaintiff
FAUSTINO CAYETANO

COMPLAINT FOR DAMAGES